**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Rene Garcia-Goff, | No. CV-19-02562-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

This is a civil rights action brought by Plaintiff Antonio Garcia-Goff ("Plaintiff"), who is represented by counsel. As discussed in the summary judgment order (Doc. 96), the essential facts are that Plaintiff drove his car toward a police officer (causing the officer to fire his service weapon at Plaintiff's car several times), then got out of the car, fled on foot, and eventually tried to hide under a pile of patio furniture located on a residential property. The key factual dispute concerns what happened after one of the pursuing officers, Phoenix Police Officer Kenneth McCarthy ("Officer McCarthy"), located Plaintiff under the patio furniture. Plaintiff alleges that Officer McCarthy allowed his police dog (Fraken) to attack and bite Plaintiff even though Plaintiff had surrendered and was not resisting. At summary judgment, the Court concluded that Plaintiff's evidence on this point was sufficient to create a jury issue as to whether Officer McCarthy violated Plaintiff's constitutional right to be free of excessive force. Plaintiff also asserted a *Monell* claim against the City of Phoenix, but that claim did not survive summary judgment.

Now pending before the Court are three motions *in limine* ("MILs") that were filed

in May 2021. (Docs. 105-07.) Although the Court's usual practice is to hear oral argument on MILs during the final pretrial conference ("FPTC"), the FPTC has been repeatedly postponed. (Docs. 111, 112, 115, 116.) Accordingly, the Court will rule on the MILs now. If the parties so desire, they may further address the Court's rulings during the FPTC.

I.  Plaintiff's MIL No. 1

Plaintiff moves under Federal Rules of Evidence 401 and 403 "to preclude any evidence that [his] *Monell* claim against City of Phoenix was previously dismissed by the Court." (Doc. 105.) In response, Officer McCarthy states that he "does not oppose excluding evidence at trial that Plaintiff's *Monell* claim against the City of Phoenix was dismissed by the Court, insofar as such an exclusion operates to preclude Plaintiff from presenting evidence, testimony, or questions that: *a)* any official municipal policy, practice, or custom caused any constitutional violation; and, *b)* the City of Phoenix and/or the Phoenix Police Department failed to train or was deliberately indifferent to the rights of persons Defendant McCarthy came into contact with." (Doc. 108.)

Both sides agree that it would be improper to inform the jury that Plaintiff previously asserted a *Monell* claim against the jury, only for that claim to be rejected at summary judgment. Thus, Plaintiff's motion to preclude such evidence is granted. *Duarte v. Catalina Foothills Sch. Dist. No. 16*, 2014 WL 5094128, *2 (D. Ariz. 2014) ("As the National Origin Discrimination claim has been dismissed, the Court finds that any continued reference to that dismissed claim is irrelevant to the one remaining claim in this case . . . . In addition, to the extent it could be marginally relevant to Plaintiff's credibility, the Court finds that any reference to this dismissed claim at trial is outweighed by Rule 403 considerations.").[1]

…

---

[1] To the extent the "insofar" clause in Officer McCarthy's response is intended to serve as a request to exclude additional categories of evidence beyond those specified in Plaintiff's motion, this approach is procedurally improper. Any affirmative request by Officer McCarthy to exclude particular categories of evidence should have been set forth in a motion filed by Officer McCarthy, not in a response to a motion filed by Plaintiff. *See* Fed. R. Civ. P. 7(b).

…

II.     Plaintiff's MIL No. 2

In the aftermath of the incident in this case, Plaintiff pleaded guilty to aggravated assault and was sentenced to 3.5 years in state prison. In his second MIL, Plaintiff moves under Rules 401, 403, and 404 to exclude evidence concerning the nature of this conviction, the length of his sentence, and the fact of his incarceration. (Doc. 106.) Among other things, Plaintiff contends that because his conviction "did not involve dishonesty," it "therefore is not proper impeachment evidence." (*Id.* at 2.)

Officer McCarthy disagrees, arguing that the challenged evidence is admissible to impeach Plaintiff's credibility. (Doc. 109.)

Officer McCarthy largely has the better side of this argument. Rule 609(a)(1)(A), which governs "attacking a witness's character for truthfulness by evidence of a criminal conviction," provides in relevant part that "for a crime that, in the convicting jurisdiction, was punishable by . . . imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case." This, of course, is a civil case, and it is undisputed that Plaintiff's underlying conviction was punishable by more than one year in prison. Thus, subject to Rule 403, the conviction "must be admitted" for impeachment purposes. This is true even though the underlying crime did not involve dishonestly or deceit. *United States v. Harper*, 2010 WL 1507869, *5 (E.D. Wis. 2010) ("Rule 609(a)(1) allows the introduction of any prior felony conviction so long as the probative value outweighs the prejudicial effect; it is not limited to crimes involving dishonesty or deceit.").

Under Rule 403, Plaintiff's conviction would be subject to exclusion only if its probative value was "substantially outweighed" by the risk of unfair prejudice. That standard is not satisfied here. Credibility will be key in this case, as the dispute largely turns on the parties' divergent accounts about whether Plaintiff surrendered before Officer McCarthy released Fraken, so the probative value of the evidence is high. Nor does the fact of the conviction seem particularly prejudicial—Plaintiff doesn't challenge the legality of Officer McCarthy's decision to arrest him for the conduct that preceded their encounter

and only challenges the manner in which Officer McCarthy effectuated the arrest.

For these reasons, Plaintiff's motion to preclude all evidence related to his conviction is denied.[2] However, to the extent Plaintiff is seeking to preclude evidence regarding particular aspects of his conviction, such as how long he actually spent in prison, his motion is granted. In *United States v. Osazuwa*, 564 F.3d 1169 (9th Cir. 2009), the Ninth Circuit addressed "the scope of inquiry into prior convictions" under Rule 609. *Id.* at 1175-77. On the one hand, the court held that "the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *Id.* at 1175 (alteration in original) (internal quotation marks omitted). The court also cited, with approval, a Fifth Circuit decision suggesting that "the nature of the crime[]" is a permissible area of inquiry. *Id.* (citation omitted). On the other hand, the court held that it is impermissible to delve into "collateral details and circumstances attendant upon the conviction" because "unfair prejudice and confusion . . . could result from eliciting details of the prior crime." *Id.* (internal quotation marks omitted). Accordingly, Officer McCarthy will only be allowed to elicit evidence that Plaintiff was convicted of aggravated assault and that the crime carried a "punishment of felony range" (*i.e.*, was punishable by more than one year in prison). Those details are "fair game," but any others are not.[3] To be clear, this does not preclude Officer McCarthy from proffering evidence relating to the conduct forming the basis for Plaintiff's aggravated assault conviction, because such evidence is intertwined with the claims in this lawsuit.

…

…

---

[2]  Because the Court concludes that the fact of Plaintiff's conviction is admissible under Rule 609, it is admissible under Rule 404(b). *See* Fed. R. Civ. P. 404(b) ("Evidence of any other crime, wrong, or act . . . . may be admissible for another purpose" other than to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

[3]  Officer McCarthy states in his response that he "anticipates introducing statements Plaintiff made during the Plea and Sentencing settings." (Doc. 109 at 3.) If the only purpose of introducing those statements is to prove the fact of Plaintiff's conviction, then Officer McCarthy will not be allowed to introduce them. If, however, the statements are being offered for some other purpose, it is possible they may be admissible.

III.   Plaintiff's MIL No. 3

In his final MIL, Plaintiff moves under Rules 401, 403, and 404 to exclude any evidence of his "prior illegal drug use and treatment at a drug rehabilitation program." (Doc. 107.)

Officer McCarthy opposes the motion. (Doc. 110.) Officer McCarthy states that, in the immediate aftermath of the incident on July 20, 2017, Plaintiff admitted to responding personnel from the Phoenix Fire Department that he had used methamphetamine and heroin earlier that day. (*Id.* at 2.) Officer McCarthy further states that, after Plaintiff was transported to the hospital on the evening of the incident, he made additional admissions regarding methamphetamine and heroin use earlier that day. (*Id.*) Finally, Officer McCarthy states that, during a drug treatment therapy session on October 3, 2017, Plaintiff admitted that he was "so high" during the incident that "he has a fuzzy recall of the events leading up to it." (*Id.*) The implication is that these admissions—which would be subject to exclusion under Plaintiff's motion—are relevant because they tend to show that Plaintiff was under the influence of drugs at the time of the incident (which, in turn, bears on the reasonableness of Officer McCarthy's use of force and/or impeaches the accuracy of Plaintiff's account of the incident). Officer McCarthy also clarifies that he "does not anticipate discussing any specific instances of drug use or therapy that occurred more than two days prior to the event at issue." (*Id.* at 3.)

Plaintiff's motion is denied. The specific statements and incidents identified in Officer McCarthy's response are relevant under Rule 401 and not subject to exclusion under Rule 403 because they go to the heart of the disputed issues in this case—whether Officer McCarthy's use of force was reasonable and whether the jury should believe Plaintiff's disputed version of the encounter. Thus, to the extent Plaintiff seeks to exclude all evidence related to drug use or therapy, his motion sweeps too broadly. *Cf. Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, *1 (C.D. Cal. 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context

during trial.").

Nor is the evidence identified in Officer McCarthy's response inadmissible under Rule 404. Rule 404(b) only prohibits evidence of a bad act to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but the evidence "may be admissible for another purpose." Officer McCarthy does not intend to introduce the aforementioned evidence for the purpose of establishing Plaintiff's general "propensity for criminal behavior," *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003), but instead for the specific, targeted purpose of showing that Plaintiff was impaired at the time of the incident in question (which, in turn, may bear on the reasonableness of Officer McCarthy's use of force and/or may lead the jury to discount the accuracy of Plaintiff's recollection of the incident).

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's MIL No. 1 (Doc. 105) is **granted**.

(2) Plaintiff's MIL No. 2 (Doc. 106) is **granted in part and denied in part**.

(3) Plaintiff's MIL No. 3 (Doc. 107) is **denied**.

Dated this 12th day of August, 2021.

Dominic W. Lanza
United States District Judge